COURT OF APPEALS
DECISION
DATED AND FILED

August 13, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1087-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2022CF2136

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

DAMARION M. POLLARD,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Dane County: MARIO WHITE, Judge. *Affirmed*.

Before Graham, P.J., Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Damarion M. Pollard appeals a judgment of conviction for attempted first-degree intentional homicide as a party to a crime, possession of a firearm by a felon, and two counts of felony bail jumping. Pollard argues that the case against him must be dismissed because the State failed to bring him to trial within 90 days of his request under the speedy trial statute, WIS. STAT. § 971.10 (2023-24).[1]  We conclude that Pollard's arguments are foreclosed by the plain language of the statute and that his constitutional due process rights have not been violated. Accordingly, we affirm.

## BACKGROUND

¶2     On August 18, 2022, the State charged Pollard with one count of attempted first-degree intentional homicide as a party to a crime and two counts of felony bail jumping in connection with a shooting in which the victim was struck with a bullet from a handgun. The State later added a charge of possession of a firearm by a felon. The circuit court initially set cash bail at $100,000, noting that Pollard had missed two recent court dates in other pending cases and that he had absconded from Department of Corrections supervision at the time of the crime.

¶3     On January 5, 2023, Pollard filed a speedy trial demand pursuant to WIS. STAT. § 971.10. The circuit court set trial to begin on March 27, 2023. The State moved for a continuance of that date, explaining at a March 2 hearing that two officers who were key witnesses in Pollard's case would be unable to testify on March 27 because they were on administrative leave, and that one detective,

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

who was also a key witness, would be out of the country at that time.[2]  The court granted the State's request after questioning the prosecutor about the necessity of these witnesses, which Pollard did not dispute.  The court found that "the ends of justice [were] better served by granting the State's request for the continuance."  Pollard requested that he be released on a signature bond, but conceded that the court was "not statutorily compelled to" modify the bond.  The court denied Pollard's request for a signature bond, but reduced the cash bond from $100,000 to $50,000.

¶4     Five days later, on March 7, 2023, Pollard filed another speedy trial demand pursuant to WIS. STAT. § 971.10.  The circuit court set trial to begin on August 7, 2023.  Pollard filed a motion for bond modification, and the court conducted a hearing on that motion on April 4, after which it rejected Pollard's argument that he was entitled to a signature bond under § 971.10 because trial was scheduled more than 90 days from the date of his demand.  Following an unsuccessful renewed motion for bail modification, Pollard filed a motion to dismiss the charges against him with prejudice on June 8, 2023.  He argued that the court should grant dismissal with prejudice on constitutional grounds because the failure to grant him a signature bond while granting the State's motion for a continuance violated § 971.10 and contravened his right to due process of law.  The court denied Pollard's motion after a hearing on June 30, concluding that there was neither a statutory nor a constitutional violation.

---

[2] As another ground for a continuance, the State disclosed that it had inadvertently failed to produce approximately 500 pages of discovery to the defense.

¶5      The circuit court held a jury trial beginning on August 7, 2023, and Pollard was convicted on all charges.  Pollard appeals.

## DISCUSSION

¶6      Pollard raises two arguments on appeal.  First, while not disputing that the circuit court appropriately granted a continuance under WIS. STAT. § 971.10(3), he argues that the court was nevertheless required to release him on a signature bond pursuant to § 971.10(4) when the State failed to bring him to trial within 90 days of his speedy trial demand.  This is a question of statutory interpretation, which we review independently.  *See State v. Fernandez*, 2009 WI 29, ¶20, 316 Wis. 2d 598, 764 N.W.2d 509.

¶7      We begin with the language of the statute.  *State v. Dinkins*, 2012 WI 24, ¶29, 339 Wis. 2d 78, 810 N.W.2d 787.  If the meaning of the statute is plain, we ordinarily stop the inquiry.  *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.  "We generally give words and phrases their common, ordinary, and accepted meaning." *Dinkins*, 339 Wis. 2d 78, ¶29.  However, words that have a "peculiar meaning in the law shall be construed according to such meaning."  WIS. STAT. § 990.01(1).  "In interpreting a statute, courts give effect to every word so that no portion of the statute is rendered superfluous." *Marotz v. Hallman*, 2007 WI 89, ¶18, 302 Wis. 2d 428, 734 N.W.2d 411.

¶8      With this statutory interpretation methodology in mind, we look to the statute in question.  In relevant part, WIS. STAT. § 971.10 provides:

> (2)(a) The trial of a defendant charged with a felony shall commence within 90 days from the date trial is demanded ….

....

> (3)(a) A court may grant a continuance in a case, upon its own motion or the motion of any party, if the ends of justice served by taking action outweigh the best interest of the public and the defendant in a speedy trial....

> ....

> (4) Every defendant not tried in accordance with this section shall be discharged from custody ....

§ 971.10(2)(a), (3)(a), (4).  The statute also provides that the court "shall consider" various factors in determining whether to grant a continuance, including whether the failure to grant a continuance would result in a miscarriage of justice. § 971.10(3)(b).

¶9      Pollard argues that the phrase "in accordance with this section," used in WIS. STAT. § 971.10(4), is ambiguous.  That is, he argues that the statute is unclear as to whether subsection (4)'s remedy of discharge from custody automatically takes effect when the State misses the 90-day timeline of subsection (2) or only takes effect when there is no good cause for a continuance under subsection (3).

¶10      We do not agree that the statute is ambiguous.  *See **Kalal***, 271 Wis. 2d 633, ¶47 ("[T]he test for ambiguity examines the language of the statute to determine whether well-informed persons *should have* become confused." (internal quotations and citations omitted)).  The statute provides that a "defendant not tried in accordance with *this section* shall be discharged from custody," WIS. STAT. § 971.10(4) (emphasis added), and § 971.10 explicitly provides, in subsection (3), that continuances may be granted if the circuit court makes the proper findings.  That subsection is part of the section as a whole.  The only reasonable interpretation of the statute is that a defendant is tried "in accordance

with" § 971.10 if the defendant's trial occurs after a continuance is granted to avoid a miscarriage of justice pursuant to subsection (3), even if trial does not take place within 90 days of the speedy trial demand as set forth in subsection (2).

¶11 To the extent there could be any doubt that a defendant tried after a continuance is granted under WIS STAT. § 971.10(3) is tried "in accordance with *this section*," meaning in accordance with § 971.10 as a whole and not just in accordance with the 90-day time limit in subsection (2), our statutes include the definition that a "section [is] designated by a mixed, decimal number, the whole number corresponding to the chapter and the decimal to the section's place in the chapter." WIS. STAT. § 35.18(3); *see also Statutes*, WIS. STATE LEGISLATURE, https://docs.legis.wisconsin.gov/help/statutes/_2 (last visited Aug. 7, 2026) ("Each statute section is given a mixed decimal section number that consists of the chapter number to the left of the decimal point and the section's location within the chapter to the right of the decimal point…. Subsections are indicated by numbers within parentheses: (1), (2), (3)."). The remedy of § 971.10(4) explicitly takes effect in the event trial is conducted outside the time limits provided by "this section," § 971.10, including continuances under subsection (3), not any time the 90-day limit of subsection (2) is exceeded.

¶12 To read the statute as Pollard advocates, requiring that a defendant not tried within WIS. STAT. § 971.10(2)'s 90-day time limit be released on a signature bond regardless of whether a continuance under subsection (3) has been granted, would render subsection (3) superfluous. Subsection (3) would serve no purpose if a defendant were entitled to release as a matter of law if not tried within 90 days of the defendant's speedy trial demand even if the State met its specific requirements for a continuance. *See **Marotz***, 302 Wis. 2d 428, ¶18. Thus, Pollard's argument is foreclosed by the plain language of the statute.

¶13 Case law confirms that the time period to hold a trial may be extended beyond the initial 90-day period of a speedy trial demand without the release of the defendant so long as the circuit court makes the findings necessary for a continuance under WIS. STAT. § 971.10. In *Rabe*, for example, our supreme court stated that "the continuance ordered by the trial court under sub. (3) of [WIS. STAT. § 971.10] rendered the release provisions [of sub. (4)] inoperative." *State ex rel. Rabe v. Ferris*, 97 Wis. 2d 63, 69, 293 N.W.2d 151 (1980). The court explained that, although § 971.10(2) "sets forth a specific period of time within which a defendant charged with a felony must be brought to trial," the circuit court determined that "the ends of justice served by [a continuance under § 971.10(3)] outweigh the interest of the public and the defendant in a speedy trial," so the defendant was not entitled to release. *Id.* at 67-71.

¶14 Having disposed of Pollard's first argument, we turn to his second argument, that his constitutional due process rights were violated when the circuit court denied his request for a signature bond, and that his case should have been dismissed with prejudice as a result. We reject this argument for multiple reasons. First, the argument is based on the premise that the "unclear language of the statute prevented the circuit court from releasing Pollard." As discussed above, this premise is incorrect; the statute is clear that a defendant is not entitled to release based on a properly granted continuance that results in the defendant being tried more than 90 days after the defendant's demand for a speedy trial. Second, Pollard's constitutional argument is undeveloped; Pollard fails to cite authority in support of his constitutional claim. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("Arguments unsupported by references to legal authority will not be considered."). Finally, as the State points out, "the trial courts of this state do not possess the power to dismiss a criminal case with

prejudice prior to the attachment of jeopardy except in the case of a violation of a constitutional right to a speedy trial," ***State v. Braunsdorf***, 98 Wis. 2d 569, 586, 297 N.W.2d 808 (1980), and Pollard has not asserted that his constitutional right to a speedy trial (as opposed to his statutory right) was violated.[3]

## CONCLUSION

¶15 For all of the foregoing reasons, we affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] The State also argues that Pollard's appeal is moot because the only remedy under the speedy trial statute, release on a signature bond, is no longer available. Because we conclude that Pollard's appeal fails on the merits, we need not address this argument.